SCOTT A. GLOGOVAC, ESQ.
Nevada Bar No. 000226
DAVID S. McELROY, ESQ.
Nevada Bar No. 000334
BURTON, BARTLETT & GLOGOVAC
50 W. Liberty St., Suite 700
Reno, Nevada 89501
Telephone:   775/333-0400
Facsimile:   775/333-0412

Attorneys for Plaintiff
Reno Newspapers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RENO NEWSPAPERS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES PAROLE COMMISSION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Reno Newspapers, Inc., a Nevada corporation doing business as the Reno Gazette-Journal ("RGJ"), complains against Defendants United States Parole Commission and United States Department of Justice (collectively, "Defendants") as follows:

**INTRODUCTORY STATEMENT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.A. § 552, and seeks a preliminary and final injunction enjoining the withholding, and ordering the disclosure, by Defendants of information sought by the RGJ.

. . .

. . .

BURTON, BARTLETT & GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 5 U.S.C.A. § 552(a)(4)(B).

3. Venue in this Court is proper under 5 U.S.C.A. § 552(a)(4)(B) because the RGJ's principal place of business is in this judicial district.

## THE PARTIES

4. The RGJ is a newspaper published daily in Reno, Nevada, with circulation throughout northern Nevada. Among other things, the RGJ provides coverage of legal affairs, and provides the public a main source of information regarding the activities of government agencies and officials, including the activities of Defendants.

5. Defendants are "agencies" within the meaning of 5 U.S.C. § 552(f), are subject to the requirements of the FOIA, and have possession, custody, and control of the documents to which the RGJ seeks access and which are the subject matter of this action.

## STATEMENT OF FACTS

6. In 1977, Phillip Garrido ("Garrido") was convicted in Nevada state and federal courts for kidnapping and raping a 25-year-old female victim. The federal court sentenced Garrido to fifty years for kidnapping while Nevada imposed a five years to life term for rape.

7. In January 1988, after Garrido served 11 years of his federal sentence, the federal government paroled Garrido and released him to Nevada authorities to serve his state sentence. Seven months later, Nevada authorities paroled Garrido and returned him to the jurisdiction of the federal parole authorities to serve the remainder of his federal parole term.

8. In March 1999, the federal government discharged Garrido from federal parole.

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

2

9. In August 2009, Garrido was arrested for the kidnapping and sexual assault of Jaycee Dugard. The alleged kidnapping took place in June 1991, at which time Garrido was under the supervision of federal parole authorities. Moreover, for eight years thereafter, while Garrido remained under the supervision of those authorities, he allegedly held Ms. Dugard continually captive at his residence in the State of California, and allegedly sexually assaulted her, fathering two children.

10. These circumstances - - particularly Garrido's alleged lengthy and wholly undetected victimization of Ms. Dugard while under several years of federal parole supervision - - have given rise to a strong and overriding public interest in an examination of the activities of and decisions made by the federal parole authorities with respect to the handling, supervision and release of Garrido. Indeed, in a recently released report, the Office of the Inspector General of the State of California specifically noted that federal authorities failed to detect Garrido's alleged criminal conduct and alleged victims.

11. On September 4, 2009, RGJ Legal Affairs Reporter Martha Bellisle submitted a written FOIA request to the FOIA Unit of Defendant United States Parole Commission ("the Commission") for certain documents related to Garrido's parole. A copy of the letter sent by Ms. Bellisle is attached as <u>Exhibit 1</u> and is incorporated herein by reference (the "FOIA Request").

12. The FOIA Request identified with sufficient specificity the scope of the documents requested by Ms. Bellisle and the RGJ (the "Requested Documents"). The Requested Documents include, without limitation, documents concerning: (i) the hearing examiners' report on Garrido's parole, (ii) the assessment and release of Garrido, (iii) Garrido's numerical "guideline", (iv) Garrido's prison activities, (v) Garrido's psychiatric evaluations, (vi) Garrido's April 2, 1993 parole violation, (vii) the probable cause hearing on

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

3

the parole violation, (viii) the decision to place Garrido on home confinement, and (ix) the evaluations of Garrido with respect to his risk of recidivism.

13. On September 16, 2009, the Commission's FOIA Specialist sent a letter to the RGJ in response to the FOIA Request. A copy of this letter is attached hereto as Exhibit 2 and is incorporated herein by reference (the "FOIA Response").

14. The FOIA Response enclosed 19 pages of documents with certain portions redacted, and stated that the Commission was withholding 92 pages in full based on 5 U.S.C. § 552(b)(6) and 552(b)(7)(C).

15. On October 5, 2009, counsel for the RGJ responded in writing to the Commission's FOIA Specialist, specifically requesting a written index with respect to each of the withheld documents so that the RGJ would be afforded a meaningful opportunity to evaluate and potentially contest the Commission's action in withholding the Requested Documents. A copy of this letter is attached hereto as Exhibit 3 and is incorporated herein by reference. The Commission did not respond to that letter, and thus failed to provide the RGJ with the requested index.

16. Also on October 5, 2009, the RGJ, through its counsel, and in compliance with applicable law, appealed the decision of the Commission's FOIA Specialist to the Chairman of the Commission. A copy of the letter setting forth this appeal is attached as Exhibit 4 hereto and is incorporated herein by reference (the "Administrative Appeal"). The Administrative Appeal also reiterated the RGJ's request for a written index with respect to each of the withheld documents so that the RGJ would be afforded a meaningful opportunity to evaluate and potentially contest the Commission's action in withholding the Requested Documents.

. . .

BURTON, BARTLETT & GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

17. By letter dated October 19, 2009, Isaac Fulwood, the Chairman of the Commission, denied the Administrative Appeal. A copy of this letter is attached as <u>Exhibit 5</u> hereto and is incorporated herein by reference (the "Appeal Denial"). The Appeal Denial stated that the Requested Records were withheld because their "release would constitute a clearly unwarranted invasion of the personal privacy of Mr. Garrido," and that the documents would be provided "only upon proof of authorization from the prisoner or parolee concerned." The Appeal Denial also refused to provide a written index with respect to the withheld documents.

## CLAIM FOR RELIEF
**(Failure to Disclose Public Records under the Freedom of Information Act)**

18. The RGJ incorporates herein by reference Paragraphs 1 through 17, inclusive, of this Complaint.

19. Defendants are "agencies" within the meaning of 5 U.S.C. §552(f), and are subject to the requirements of the FOIA.

20. The Requested Documents are identifiable documents within the meaning of the FOIA, are subject to the disclosure provisions of the FOIA, and are maintained by and in the possession of Defendants.

21. The FOIA requires Defendants to disclose, copy and provide the Requested Documents to the RGJ, and Defendants' refusal to do so was wrongful and without lawful reason or excuse, thus entitling the RGJ to judicial relief in this Court.

22. Defendants' refusal to provide the Requested Documents is arbitrary and capricious, and irreparably injures the RGJ by depriving it of public information to which it is entitled access.

. . .

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

5

23. Defendants cannot lawfully refuse to provide the Requested Documents on the basis of any potentially applicable exemption to the disclosure requirements of the FOIA. There is a strong public interest in disclosure of the Requested Documents which overrides any alleged privacy interests of Garrido, and Defendants' failure to disclose the Requested Records was an abuse of discretion.

24. Even if it were to be established that any of the Requested Records contains some information exempt from disclosure under the FOIA, the RGJ has a right of access to all reasonably segregable non-exempt portions of such records, and the FOIA requires their disclosure. Defendants have failed in their duty under the FOIA to segregate and disclose the non-exempt portions of the Requested Records.

25. Defendants' refusal to provide a suitable explanation as to the reasons for non-disclosure, and its failure to provide an index of the documents withheld, are violations of the FOIA which have deprived the RGJ of a meaningful opportunity to evaluate and contest the withholding of records by Defendants.

26. The RGJ has exhausted all available administrative remedies.

27. The RGJ has employed attorneys to represent it in this action and has incurred and will continue to incur expenses for attorney's fees and costs, all of which are recoverable against Defendants pursuant to the FOIA.

## PRAYER FOR RELIEF

Based upon the foregoing, the RGJ respectfully requests relief as follows:

1. An order requiring Defendants to prepare, file and produce to the RGJ an itemized index, for all withheld documents and portions of documents, containing all information needed to evaluate each claimed exemption, including but not limited to: (i) the date of each document withheld; (ii) the names of each author and each recipient of each

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

6

document withheld; (iii) identification of the segregable portions of the documents withheld; (iv) the nature of the information contained in each portion, (v) whether factual information is contained in each portion; and (vi) the specific justification for withholding of each such portion;

2. A preliminary and final injunction prohibiting Defendants from withholding from the RGJ any of the Requested Documents, and directing Defendants to provide copies of the Requested Documents to the RGJ;

3. Issuance of a written finding, pursuant to 5 U.S.C. § 552(a)(4)(F), that the circumstances surrounding the withholding by Defendants raises questions as to whether agency personnel acted arbitrarily or capriciously;

4. An award of costs, disbursements, and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Such other and further relief as the Court deems just and proper.

DATED this 23rd day of November, 2009.

BURTON, BARTLETT & GLOGOVAC

By _____
SCOTT A. GLOGOVAC, ESQ.
Nevada Bar No. 000226
DAVID S. McELROY, ESQ.
Nevada Bar No. 000334

Attorneys for Plaintiff
Reno Newspapers, Inc.

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

7