**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| RENO NEWSPAPERS, INC., a Nevada, corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES PAROLE COMMISSION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants.<br>_____ | 3:09-CV-683-ECR-RAM<br><br><u>Order</u> |

This is an action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging Defendants' decision to redact and withhold certain documents in response to Plaintiff's FOIA request.

### I. Factual and Procedural Background

On September 4, 2009, Plaintiff Reno Newspapers Inc., a Nevada Corporation doing business as RGJ Legal Affairs ("RGJ") reported that RGJ employee Martha Bellisle submitted a written FOIA request to the United States Parole Commission (the "Commission"). (Compl. ¶ 11 (#1).) On September 16, 2009, the Commission's FOIA specialist responded to RGJ, enclosing 19 pages of documents with certain portions redacted and stating that the Commission was withholding 92 pages in full based on 5 U.S.C. § 552(b)(6) and 552(b)(7). (<u>Id.</u> ¶¶ 13, 14.) On October 5, 2009, counsel for RGJ responded in writing, specifically requesting a written index with respect to each of the withheld documents so that "RGJ would be afforded a meaningful

opportunity to evaluate and potentially contest the Commission's action in withholding the requested documents." (<u>Id.</u> ¶ 15.) Also on October 5, 2009, RGJ appealed the decision of the Commission's FOIA specialist to the Chairman of the Commission. (<u>Id.</u> ¶ 16.) The administrative appeal reiterated RGJ's request for a written index with respect to each of the withheld documents. (<u>Id.</u>) By a letter dated October 19, 2009, the Chairman of the Commission denied the administrative appeal and refused to provide the RGJ with a written index with respect to the withheld documents. (<u>Id.</u> ¶ 17.)

On November 23, 2009, Plaintiff filed the complaint (#1) in the present lawsuit. On January 29, 2010, the FOIA specialist conducted further review of the Commission's records and sent 32 redacted pages to Plaintiff. (D.'s Opp. and MSJ at 4 (#16).) On April 7, 2010, Defendants provided an additional 44 pages of records, 38 pages of which contain redactions. (P.'s MSJ at 10 (#13).) On May 25, 2010, Plaintiff appealed the April 7, 2010 disclosure to the Chairman of the Commission. (<u>Id.</u> at 10.) On May 26, 2010, Defendants provided the RGJ with an index of withheld and redacted documents. (P.'s MSJ at 10 (#13).) This index indicated that over 500 documents were withheld in full. (<u>Id.</u>)

On July 21, 2010, Plaintiff filed a motion for summary judgment (#13) asserting that documents requested by Plaintiff from Defendants are not protected under FOIA. On September 8, 2010, Defendants filed an opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment (#16). On October 8, 2010, Plaintiff filed a reply (#20) in support of Plaintiff's motion

2

1  for summary judgment and in opposition to Defendants' cross-motion
2  for summary judgment.

3  ## II. Summary Judgment Standard in FOIA Cases

4      Summary judgment allows courts to avoid unnecessary trials
5  where no material factual dispute exists.  <u>N.W. Motorcycle Ass'n v.</u>
6  <u>U.S. Dep't of Agric.</u>, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court
7  must view the evidence and the inferences arising therefrom in the
8  light most favorable to the nonmoving party, <u>Bagdadi v. Nazar</u>, 84
9  F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment
10  where no genuine issues of material fact remain in dispute and the
11  moving party is entitled to judgment as a matter of law.  FED. R.
12  CIV. P. 56(c).  Judgment as a matter of law is appropriate where
13  there is no legally sufficient evidentiary basis for a reasonable
14  jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where
15  reasonable minds could differ on the material facts at issue,
16  however, summary judgment should not be granted.  <u>Warren v. City of</u>
17  <u>Carlsbad</u>, 58 F.3d 439, 441 (9th Cir. 1995), <u>cert. denied</u>, 116 S.Ct.
18  1261 (1996).

19      "Summary judgment is the procedural vehicle by which nearly
20  all FOIA cases are resolved."  <u>Los Angeles Times Commc'ns, LLC v.</u>
21  <u>Dep't of the Army</u>, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006).  The
22  court conducts a de novo review of an agency's response to a FOIA
23  request. 5 U.S.C. § 552(a)(4)(B); <u>U.S. Dep't of Justice v. Reporters</u>
24  <u>Comm. for Freedom of Press</u>, 489 U.S. 749, 755 (1989).  The usual
25  summary judgment standard detailed above does not extend to FOIA
26  cases because the facts are rarely in dispute and courts generally
27
28

3

1  need not resolve whether there is a genuine issue of material fact.
2  <u>Minier v. Cent. Intel. Agency</u>, 88 F.3d 796, 800 (9th Cir. 1996).

3       Instead, in deciding whether summary judgment is appropriate in
4  a FOIA case, the court must first evaluate "whether the agency has
5  met its burden of proving that it fully discharged its obligations
6  under the FOIA." <u>Id.</u> The agency must demonstrate that it has
7  conducted a search reasonably calculated to uncover all relevant
8  documents. <u>Zemansky v. U.S. Envtl. Prot. Agency</u>, 767 F.2d 569, 571
9  (9th Cir. 1985). Second, if the agency satisfies its initial
10 burden, the court must determine "whether the agency has proven that
11 the information that it did not disclose falls within one of the
12 nine FOIA exemptions." <u>Los Angeles Times Commc'ns</u>, 442 F. Supp. 2d
13 at 894.

14                        **III. Discussion**

15        A. Exhaustion of Administrative Remedies

16       "[F]ull and timely exhaustion of administrative remedies is a
17 prerequisite to judicial review under FOIA." <u>Judicial Watch, Inc.</u>
18 <u>v. U.S. Naval Observatory</u>, 160 F. Supp. 2d 111, 112 (D.D.C. 2001).
19 Prior to seeking judicial review, a records requester must exhaust
20 his or her administrative remedies, including filing a proper FOIA
21 request. <u>See</u> <u>Hedley v. United States</u>, 594 F.2d 1043, 1044 (5th Cir.
22 1979). If the records requester fails to exhaust administrative
23 remedies, the lawsuit may be dismissed for lack of subject matter
24 jurisdiction. <u>Heyman v. Merit Systems Protection Board</u>, 799 F.2d
25 1421, 1423 (9th Cir. 1986), cert. denied, 481 U.S. 1019 (1987).
26 FOIA provides for two different types of exhaustion: actual and
27 constructive. Actual exhaustion occurs when the agency denies all

28                              4

1  or part of a party's document request.  Constructive exhaustion

2  occurs, and a requester is permitted to proceed directly to court,

3  when certain statutory requirements are not met by the agency.

4  Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994).  This

5  occurs when, for example, the applicable response period has expired

6  and the agency has failed to respond to the request or the appeal.

7  See 5 U.S.C. § 552(a)(6)(C); Oglesby v. United States Dep't of the

8  Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

9      The subject of exhaustion of administrative remedies under FOIA

10  is covered in 5 U.S.C. § 552(a)(6)(C), which provides, in part, that

11  "[a]ny person making a request to any agency for records under . . .

12  this subsection shall be deemed to have exhausted his administrative

13  remedies with respect to such request if the agency fails to comply

14  with the applicable time limit provisions of this paragraph."  The

15  applicable time limits are set forth in 5 U.S.C. § 552(a)(6)(A):

16          "Each agency, upon any request for records made under
         paragraph (1), (2), or (3) of this subsection, shall – (i)
17        determine within 20 days (excepting Saturdays, Sundays, and
         legal public holidays) after the receipt of any such
18        request whether to comply with such request and shall
         immediately notify the person making such request of such
19        determination and the reasons therefor, and of the right
         of such person to appeal to the head of the agency any
20        adverse determination . . . ."

21      In this case, Defendants contend that Plaintiff has failed to

22  exhaust its administrative remedies with respect to the January 29,

23  2010 disclosure.  Defendants assert that we therefore do not have

24  jurisdiction over that disclosure.  However, it is not clear whether

25  Plaintiff is indeed challenging the January 29, 2010 disclosure:

26  "RJG had no reason to complain with respect to a disclosure of

27  documents.  It is only the withholding of documents that was

28                                    5

improper."  (P.'s Reply at 10 (#20).)   Regardless, Plaintiff filed only one FOIA request.  Defendants were under an obligation to respond to that request, in full, within 20 days.  5 U.S.C. § 552(a)(6)(A).  Only Defendants' first disclosure fell within the time constraints delineated in section 552.  Plaintiff timely appealed that disclosure, and thus actually exhausted its administrative remedies with respect to the disclosure.  The remainder of Defendants' disclosures were made outside section 552's time limits, and thus Plaintiff has constructively exhausted its administrative remedies as to those disclosures.  We decline to penalize Plaintiff because Defendants chose to respond to Plaintiff's FOIA request in a piecemeal fashion.  We therefore reject Defendants' contention that we do not have jurisdiction over the January 29, 2010 disclosure.[1]

B. Vaughn Index Requirement

Government agencies seeking to withhold documents requested under FOIA are required to supply the opposing party and the court with a "Vaughn index," identifying "each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption."  Wiener v. F.B.I., 943 F.2d

---

[1]  In their reply (#7), Defendants call to our attention that Defendants' latter two disclosures were made after Plaintiff filed its complaint.  They contend that because Plaintiff has not amended its complaint to explicitly include these disclosures we should not consider them.  Issues raised for the first time in a reply brief are not ordinarily considered by the Court.  Kerzner Intern. Ltd. v. Monarch Casino & Resort, Inc., 675 F.Supp.2d 1029, 1049 (D. Nev. 2009).  Plaintiff has not had the opportunity to address this issue and therefore, we will not consider it at this time.

972, 977 (9th Cir. 1991).  In meeting its burden, "the government
may not rely upon 'conclusory and generalized allegations of
exemptions.'"  <u>Church of Scientology of Cal. v. U.S. Dep't of the
Army</u>, 611 F.2d 738, 742 (9th Cir. 1980) (quoting <u>Vaughn v. Rosen</u>,
484 F.2d 820, 826 (D.C. Cir. 1973)).

The Vaughn index is intended to remedy the quandary faced by a
party requesting documents under FOIA.  In non-FOIA cases, "rules of
discovery give each party access to the evidence upon which the
court will rely in resolving the dispute between them." <u>Wiener</u>, 943
F.2d at 977.  In a FOIA case, however, the issue is whether one
party will disclose documents to the other party.  <u>Id.</u>  Thus, only
the party opposing disclosure has "access to all the facts."  <u>Id.</u>
"This lack of knowledge by the party seeking disclosure seriously
distorts the traditional adversary nature of our legal system." <u>Id.</u>
(quoting <u>Vaughn v. Rosen</u>, 484 F.2d 820, 824 (D.C. Cir. 1973).  The
party requesting disclosure is forced to rely upon his adversary's
representations as to the material withheld, and the court is denied
"the benefit of informed advocacy to draw its attention to the
weaknesses in the withholding agency's arguments." <u>Id.</u>  The purpose
of the index is thus to "afford the FOIA requester a meaningful
opportunity to contest, and the district court an adequate
foundation to review, the soundness of the withholding." <u>Id.</u>

A Vaughn index should satisfy the following requirements:
"(1) The index should be contained in one document, complete in
itself; (2) The index must adequately describe each withheld
document or deletion from a released document; (3) The index must
state the exemption claimed for each deletion or withheld document,

7

and explain why the exemption is relevant." <u>Voinche v. F.B.I.</u>, 412
F. Supp. 2d 60, 65 (D. D. C. 2006). "Specificity is the defining
requirement of the Vaughn index." <u>Id.</u> at 979. The agency must
disclose "as much information as possible without thwarting the
[claimed] exemption's purpose." <u>King v. U.S. Dept. of Justice</u>, 830
F.2d 210, 224 (C.A.D.C. 1987). That disclosure must demonstrate a
"logical connection between the information and the claimed
exemption . . . ." <u>Salisbury v. U.S.</u>, 690 F.2d 966, 970 (D.C. Cir.
1982).

The FOIA creates a presumption in favor of disclosure of
government documents. <u>Dept. of the Air Force v. Rose</u>, 425 U.S. 352,
360-61 (1976). An agency may withhold a document "only if the
information contained in the document falls within one of the nine
statutory exemptions to the disclosure requirements set forth in §
552(b)." <u>Bowen v. U.S. Food and Drug Admin.</u>, 925 F.2d 1225, 1226
(9th Cir. 1991). These exemptions are to be narrowly construed.
<u>Cal-Almond, Inc. v. US Dept. of Agriculture</u>, 960 F.2d 105, 107 (9th
Cir. 1992); <u>United States Dept. of Justice v. Julian</u>, 486 U.S. 1, 7
(1988).

Furthermore, even if part of a document is FOIA exempt, the
agency still must disclose any portions which are not exempt - i.e.,
all "segregable" information - and must address in its Vaughn index
why the remaining information is not segregable. The district court
must make specific factual findings on the issue of segregability to
establish that the required de novo review of the agency's
withholding decision has in fact taken place. <u>Wiener</u>, 943 F.2d at
988. The Court may not "'simply approve the withholding of an

8

1  entire document without entering a finding on segregability . . .

2  .'" <u>Id.</u>, citing <u>Church of Scientology</u>, 611 F.2d at 744.

3      C. Adequacy of Defendants' Vaughn Index

4      As an initial matter, there appears to be some confusion as to

5  which document or documents constitute the Vaughn index at issue.

6  In challenging the sufficiency of the Vaughn index provided by

7  Defendants, Plaintiff treats the 70 entry document entitled "index"

8  that Helen Krapels, Assistant General Counsel to the Commission,

9  provided to Plaintiff's counsel on May 26, 2010 (the "May 26 Index")

10  as the Vaughn index.  (P.'s MSJ at 18 (#13) ("The only explanation

11  offered by Defendants for their withholding are contained in the

12  'index' that was finally provided on May 26, 2010.").[2]  In their

13  opposition and counter-motion, Defendants do not take issue with

14  Plaintiff's characterization of the May 26 Index as the Vaughn index

15  at issue in this case.  Nevertheless, Defendants contend that

16  "Plaintiff's motion also fails to mention or discuss four of the

17  exemptions referenced in the Vaughn index."  (Ds.' Opp. And Counter-

18  Mot. at 12 (#16).)  Two of those exemptions, however, are not

19  mentioned in the May 26 Index.[3]  Rather, those exemptions are

20

21      [2] It appears that Plaintiff had good reason to consider the May
    26 Index to be the Vaughn index at issue in this case.  The May 26
22  Index was given to Plaintiff after all of Defendants' disclosures were
    completed.  It purports to be a complete index addressing all three
23  disclosures: "Attached to this letter is an index of the documents
    that were released in part or withheld in full from the files of
24  Philip Garrido."  (Ltr. accompanying May 26 Index (#13-6).) While
    Defendants also addressed the documents that were released in part or
25  withheld in full in the letter accompanying each disclosure, the May
    26 Index appears to be a more detailed and comprehensive guide to such
26  documents.

27      [3] Exemptions under 5 U.S.C. § 552(b)(3) and 5 U.S.C. §
    552(b)(7)(D).

28                              9

addressed in the declaration of Anissa H. Banks, Freedom of
Information Act Specialist for the Commission and in Exhibit 8 to
her declaration.  (D.s' Reply at 5 (#23));(Banks Dec. ¶ 15 (#16-1));
(April 7, 2010 Disclosure ¶¶ 9, 24 (#16-1)).  The Banks declaration
and May 10, 2010 disclosure were exhibits to Defendants' opposition
and counter-motion, but Defendants did not, at least in that
document, argue in favor of considering the Banks declaration and
May 10, 2010 disclosure part of the Vaughn index.  Only in their
reply do Defendants suggest that the Vaughn index includes the
exemptions raised in the May 10, 2010 disclosure.  However, even if
Defendants had argued for considering those documents to be part of
the Vaughn index, as stated above, a valid Vaughn index must be
contained in one document, complete in itself. Voinche v. F.B.I.,
412 F. Supp. 2d 60, 65 (D. D. C. 2006).  As such, we will consider
the May 26 Index as the Vaughn index at issue in this case.

The May 26 Index is a 70 entry index divided into two
categories: material from the Commission and the material from the
United States Probation Office.  Each category is then subdivided
into two subcategories: documents released in part and documents
withheld in full.  With respect to most of the documents, Defendants
contend that the information withheld is exempt from disclosure
under 5 U.S.C. § 552(b)(6), which allows the government to withhold
all information about individuals in "personnel and medical files
and similar files" if the disclosure of the information "would
constitute a clearly unwarranted invasion of personal privacy," and
5 U.S.C. § 552(b)(7)(C), which shields from public disclosure
information about individuals where: (1) the "information [was]

10

compiled for law enforcement purposes," and (2) the disclosure of the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Defendants also assert 5 U.S.C. 552(b)(5), which exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," as a basis for withholding several documents in full.  Finally, Defendants assert 5 U.S.C. 552(b)(2), (b)(7)(e) as bases for redacting signatures and 26 U.S.C. 6103 as a basis for withholding tax returns.

Plaintiff does not take issue with the signature redactions and does not address — and therefore appears to not take issue with — the withholding of the income tax returns.[4]  Plaintiff contends that each of the other claimed exemptions in the May 26 Index "consists of a boilerplate recitation of the statutory language without any effort to particularize the claim to the contents of a specific document."  (P.'s MSJ at 13 (#13).)  Defendants contend that the index is sufficient.

In the May 26 Index, Defendants list the asserted exemptions and then describe, with varying degrees of particularity, the withheld and redacted documents at issue.  Defendants do not in every case, however, explain why the exemption is relevant.  Voinche, 412 F. Supp. 2d at 65.  Thus, the May 26 Index as a whole fails to demonstrate a "logical connection between the information and the claimed exemption . . . ."  Salisbury v. U.S., 690 F.2d 966,

---

[4] As such, Defendants need not address these exemptions in any subsequent Vaughn index.

11

1  970 (D.C. Cir. 1982).  This shortcoming is particularly relevant
2  because Defendants assert several exemptions with respect to each
3  document.  We are unable to evaluate the propriety of each exemption
4  without index entries that clearly demonstrate the connection
5  between each exemption and the information withheld.  More
6  importantly, without an appropriate Vaughn index, Plaintiff is
7  denied a meaningful opportunity to contest the soundness of
8  Defendants' withholdings.

9      For example, Defendants claim that a great deal of information
10  is exempt from disclosure under 5 U.S.C. § (b)(7)(C).  Nevertheless,
11  they do not include in the index facts that would enable us to make
12  a finding with respect to whether and to what extent that exemption
13  applies.  As noted above, 5 U.S.C. § (b)(7)(C) shields from public
14  disclosure information about individuals where: (1) the "information
15  [was] compiled for law enforcement purposes," and (2) the disclosure
16  of the information "could reasonably be expected to constitute an
17  unwarranted invasion of personal privacy."  The threshold issue in
18  any exemption (7) claim is "whether the agency involved may properly
19  be classified as a 'law enforcement' agency." Church of Scientology
20  of California v. U.S. Dept. of Army, 611 F.2d 738, 748 (9th Cir.
21  1979). "The term 'law enforcement purpose' has been construed to
22  require an examination of the agency itself to determine whether the
23  agency may exercise a law enforcement function." Id.  An agency
24  with "a clear law enforcement mandate, such as the FBI, need only
25  establish a 'rational nexus' between enforcement of a federal law
26  and the document for which an exemption is claimed." Id.; see also
27  Rosenfeld v. U.S. Dept. of Justice,

28                                      12

57 F.3d 803, 808 (9th Cir. 1995).  However, "an agency which has a 'mixed' function, encompassing both administrative and law enforcement functions, must demonstrate that it had a purpose falling within its sphere of enforcement authority in compiling the particular document."  Id.  Defendants assert elsewhere that the Commission is "a law enforcement agency whose principal function is the enforcement of criminal laws." (Banks Dec. ¶ 2 (#16-1)) However, apart from this blanket assertion, Defendants fail to provide sufficient information to enable us to determine whether the Commission has a clear law enforcement mandate or has a mixed function.  Moreover, Defendants do not address whether the document at issue has a rational nexus with enforcement of federal law or whether the document has a purpose falling within the Commission's enforcement authority.  See Rosenfeld v. U.S. Dept. of Justice, 57 F.3d 803, 808 (9th Cir. 1995).

     We additionally note that in almost every entry in the May 26 Index, Defendants submit, as a reason for non-disclosure, that "Plaintiff has not identified a reason for which disclosure of the information would serve the purpose of the FOIA."  (May 26 Index (#13-6).)  While it is true that parties seeking information under FOIA sometimes have the burden of demonstrating that the public interest sought to be advanced is a significant one, no such showing is required  at the Vaughn index stage.  Indeed, as a general rule, "when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information." National Archives and Records Admin. v. Favish,

541 U.S. 157, 172 (2004).  We agree with Defendants that "where the
privacy concerns addressed by Exemption 7(C) are present, the
exemption requires the person requesting the information to
establish a sufficient reason for the disclosure."  Id.
Nevertheless, the Vaughn index is where Exemption 7(C) is properly
asserted.  As such, it is premature to list the absence of a
sufficient reason for the disclosure as a reason for the
withholding.  Under both exemptions 6 and 7, "the only relevant
public interest in the FOIA balancing analysis is the extent to
which disclosure of the information sought would shed light on an
agency's performance of its statutory duties or otherwise let
citizens know what their government is up to."  Bibles v. Oregon
Nat'l Desert Assoc., 519 U.S. 335 (1997)(quotations omitted).

        D. Admissibility of Special Report

        Attached to Plaintiff's motion (#13) for summary judgment is a
Special Report by the Office of the Inspector General of the State
of California (#13-2) (the "Special Report") concerning the
California Department of Corrections and Rehabilitation's
supervision of parolee Phillip Garrido.  In their opposition to
Plaintiff's motion for summary judgment and cross-motion for summary
judgment (#16), Defendants challenge the admissibility of the
Special Report on various evidentiary grounds.  As the Court will
not presently rule on Plaintiff's motion for summary judgment (#13)
or Defendant's opposition and cross-motion for summary judgment
(#16), it is unnecessary for us to rule on the admissibility of the
Special Report at this time.

# VI. Conclusion

In FOIA cases, the burden is on the government to show (i) that withheld documents and redacted portions of documents are exempt from disclosure; and (ii) that portions of withheld documents that are not FOIA-exempt are not segregable from the remainder of the document.  These showings are made by the production of a Vaughn index, which must (i) detail each withheld document and each deletion from a released document; (ii) state the exemption claimed for each deletion or withheld document; (iii) explain why such exemption is relevant; and (iv) state why a document held in full was not segregable.

We find that Defendants' Vaughn index is insufficiently detailed to pass muster.  Defendants' revised Vaughn index should: (i) state all claimed exemptions in a single document; (ii) state with greater specificity why an exemption is relevant to a particular document; (iii) clearly state whether any information contained in a withheld document is segregable; and (iv) clarify whether the Commission has a law enforcement purpose or mixed law enforcement and administrative functions with respect to any exemptions claimed under  5 U.S.C. § (b)(7)(C).

We note that this case involves a six month reportable motion (#13).  It is therefore important that we rule on this motion by March 31, 2011.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants shall have fourteen days to submit an amended Vaughn index to the Court.

15

1    **IT IS HEREBY FURTHER ORDERED** that Plaintiff shall have fourteen

2 days from the date of submission of Defendants' revised Vaughn index

3 to submit a response.

4

5

6

7 DATED: January 21, 2011.

8

9                                                UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         16