1

2

3

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

5

6

RENO NEWSPAPERS, INC., a Nevada,   )       3:09-CV-683-ECR-RAM
corporation,                       )
                                   )
7       Plaintiff,                 )       <u>Order</u>
                                   )
vs.                                )
8                                  )
UNITED STATES PAROLE COMMISSION    )
9 and UNITED STATES DEPARTMENT OF  )
JUSTICE,                           )
10                                 )
        Defendants.                )
11 _____)

12

13      This is an action filed under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, challenging Defendants' decision to redact
14
and withhold certain documents in response to Plaintiff's FOIA
15
request.
16
        Now pending are a motion for summary judgment (#13) filed by
17
Plaintiff on July 21, 2010 and a cross-motion for summary judgment
18
(#17) filed by Defendants on September 8, 2010.  The motions are
19
ripe, and we now rule on them.
20

21

22              **I. Factual and Procedural Background**

23      On September 4, 2009, Plaintiff Reno Newspapers Inc., a Nevada

Corporation doing business as RGJ Legal Affairs ("RGJ") reported
24
that RGJ employee Martha Bellisle submitted a written FOIA request
25
to the United States Parole Commission (the "USPC").  (Compl. ¶ 11
26
(#1).)  On September 16, 2009, the USPC's FOIA specialist responded
27
to RGJ, enclosing 19 pages of documents with certain portions
28

redacted and stating that the USPC was withholding 92 pages in full pursuant to 5 U.S.C. § 552(b)(6) and 552(b)(7).  (Id. ¶¶ 13, 14.) On October 5, 2009, counsel for RGJ responded in writing, specifically requesting a written index with respect to each of the withheld documents so that "RGJ would be afforded a meaningful opportunity to evaluate and potentially contest the USPC's action in withholding the requested documents."  (Id. ¶ 15.)  Also on October 5, 2009, RGJ appealed the decision of the USPC's FOIA specialist to the Chairman of the USPC.  (Id. ¶ 16.)  The administrative appeal reiterated RGJ's request for a written index with respect to each of the withheld documents. (Id.) By a letter dated October 19, 2009, the Chairman of the USPC denied the administrative appeal and refused to provide the RGJ with a written index with respect to the withheld documents.  (Id. ¶ 17.)

On November 23, 2009, Plaintiff filed the complaint (#1) in the present lawsuit.  On January 29, 2010, the FOIA specialist conducted further review of the Commission's records and sent 32 redacted pages to Plaintiff. (Ds.' Opp. and MSJ at 4 (#16).)  On April 7, 2010, Defendants provided an additional 44 pages of records, 38 pages of which contain redactions. (P.'s MSJ at 10 (#13).)  On May 25, 2010, Plaintiff appealed the April 7, 2010 disclosure to the Chairman of the Commission.  (Id. at 10.)  On May 26, 2010, Defendants provided the RGJ with an index of withheld and redacted documents.  (P.'s MSJ at 10 (#13).)  This index indicated that over 500 documents were withheld in full.  (Id.)

On July 21, 2010, Plaintiff filed a motion for summary judgment (#13) asserting that documents requested by Plaintiff from

Defendants are not protected under FOIA.  On September 8, 2010, Defendants filed an opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment (#16).  On October 8, 2010, Plaintiff filed a reply (#20) in support of Plaintiff's motion for summary judgment and in opposition to Defendants' cross-motion for summary judgment.

On January 21, 2011, this Court filed an order (#24) granting Defendants fourteen days to file an amended Vaughn index with the Court and granting Plaintiffs fourteen days thereafter to submit a response.  On February 7, 2011, Defendants filed their amended Vaughn index (#25) (the "Amended Index").  On February 22, 2011, Plaintiffs filed their response (#26) to Defendants' Amended Index.

## II. Summary Judgment Standard in FOIA Cases

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists.  N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  Warren v. City of

3

1  Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct.

2  1261 (1996).

3       "Summary judgment is the procedural vehicle by which nearly

4  all FOIA cases are resolved." Los Angeles Times Commc'ns, LLC v.

5  Dep't of the Army, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006).  The

6  court conducts a de novo review of an agency's response to a FOIA

7  request. 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters

8  Comm. for Freedom of Press, 489 U.S. 749, 755 (1989).  The usual

9  summary judgment standard detailed above does not extend to FOIA

10 cases because the facts are rarely in dispute and courts generally

11 need not resolve whether there is a genuine issue of material fact.

12 Minier v. Cent. Intel. Agency, 88 F.3d 796, 800 (9th Cir. 1996).

13      Instead, in deciding whether summary judgment is appropriate in

14 a FOIA case, the court must first evaluate "whether the agency has

15 met its burden of proving that it fully discharged its obligations

16 under the FOIA." Id.  The agency must demonstrate that it has

17 conducted a search reasonably calculated to uncover all relevant

18 documents. Zemansky v. U.S. Envtl. Prot. Agency, 767 F.2d 569, 571

19 (9th Cir. 1985).  Second, if the agency satisfies its initial

20 burden, the court must determine "whether the agency has proven that

21 the information that it did not disclose falls within one of the

22 nine FOIA exemptions." Los Angeles Times Commc'ns, 442 F. Supp. 2d

23 at 894.  We have previously held that the appropriate standard for

24 summary judgment in FOIA cases is as follows: "[i]n a suit brought

25 to compel production, an agency is entitled to summary judgment if

26 no material facts are in dispute and if it demonstrates that each

27 document that falls within the class requested either has been

28                                      4

1  produced or is wholly exempt from the Act's inspection
2  requirements." <u>Nevada v. United States DOE</u>, 517 F. Supp. 2d 1245 (D.
3  Nev. 2007).

4

5                          **III. Discussion**

6        A. Vaughn Index Requirement

7        As detailed in our order (#24) dated January 21, 2011,
8  government agencies seeking to withhold documents requested under
9  FOIA are required to supply the opposing party and the court with a
10 "Vaughn index," identifying "each document withheld, the statutory
11 exemption claimed, and a particularized explanation of how
12 disclosure of the particular document would damage the interest
13 protected by the claimed exemption." <u>Wiener v. F.B.I.</u>, 943 F.2d
14 972, 977 (9th Cir. 1991).  In meeting its burden, "the government
15 may not rely upon 'conclusory and generalized allegations of
16 exemptions.'" <u>Church of Scientology of Cal. v. U.S. Dep't of the</u>
17 <u>Army</u>, 611 F.2d 738, 742 (9th Cir. 1980) (quoting <u>Vaughn v. Rosen</u>,
18 484 F.2d 820, 826 (D.C. Cir. 1973)).

19       A Vaughn index should satisfy the following requirements:
20 "(1) The index should be contained in one document, complete in
21 itself; (2) The index must adequately describe each withheld
22 document or deletion from a released document; (3) The index must
23 state the exemption claimed for each deletion or withheld document,
24 and explain why the exemption is relevant." <u>Voinche v. F.B.I.</u>, 412
25 F. Supp. 2d 60, 65 (D. D. C. 2006).

26       The FOIA creates a presumption in favor of disclosure of
27 government documents. <u>Dept. of the Air Force v. Rose</u>, 425 U.S. 352,

28                                  5

360-61 (1976).  An agency may withhold a document "only if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirements set forth in § 552(b)."  Bowen v. United States Food and Drug Admin., 925 F.2d 1225, 1226 (9th Cir. 1991).  These exemptions are to be narrowly construed.  Cal-Almond, Inc. v. United States Dep't of Agriculture, 960 F.2d 105, 107 (9th Cir. 1992); United States Dep't of Justice v. Julian, 486 U.S. 1, 7 (1988).

Furthermore, even if part of a document is FOIA exempt, the agency still must disclose any portions which are not exempt - i.e., all "segregable" information - and must address in its Vaughn index why the remaining information is not segregable.  The district court must make specific factual findings on the issue of segregability to establish that the required de novo review of the agency's withholding decision has in fact taken place.  Wiener, 943 F.2d at 988.  The Court may not "'simply approve the withholding of an entire document without entering a finding on segregability . . . .'"  Id., citing Church of Scientology, 611 F.2d at 744.

The Ninth Circuit Court of Appeals has not stated that there is a general presumption of good faith in an agency's affidavits, although other courts have applied such a presumption. See, e.g., Jones v. FBI, F.3d 238, 242 (6th Cir. 1994) (citing United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991) "We generally accord Government records and official conduct a presumption of legitimacy."); Ingle v. United States Dep't of Justice, 698 F.2d 259, 265 (6th Cir. 1983)(quoting Cox v. United States Dep't of Justice, 576 F.2d 1302, 1312 "If the Government fairly describes the

6

content of the material withheld and adequately states its grounds
for nondisclosure, and if those grounds are reasonable and
consistent with the applicable law, the district court should uphold
the government's position.").

B. Adequacy of Defendants' Amended Vaughn Index

Our order (#24) dated January 21, 2011 found Defendants'
original Vaughn index deficient and granted Defendants fourteen days
within which to file an amended Vaughn index that (i) states with
greater specificity why an exemption is relevant to a particular
document; (ii) clearly states whether any information contained in a
withheld document is segregable; and (iii) clarifies whether
Defendants had law enforcement or administrative functions with
respect to any exemptions claimed under 5 U.S.C. § 552(b)(7)(C).
Defendants filed their Amended Index (#25) with the Court on
February 22, 2011.

The Amended Index is a seventy-entry index divided into two
categories: material from the Commission and the material from the
United States Probation Office (the "USPO").  Each category is
further divided into two subcategories: documents released in part
and documents withheld in full.

i. Form of Amended Index

In their response, Plaintiffs allege that the Amended Index
fails as a proper Vaughn index because "it is not in affidavit form
and/or sworn to." (P.'s Resp. at 3 (#26).)  Plaintiffs correctly
state that both the Ninth Circuit Court of Appeals and the D.C.
Circuit Court of Appeals have issued opinions contemplating that a
Vaughn index may be in affidavit form. Wiener v. F.B.I., 943 F.2d

972, 979 (9th Cir. 1991); <u>Vaughn v. Rosen</u>, 484 F. 2d 820, 826 fn. 20
(D.C. Cir. 1973).  Here, however, Plaintiffs incorrectly conflate
the courts' finding that a Vaughn index may take the form of an
affidavit with a holding that a Vaughn index must take such form.
Indeed, the Ninth Circuit Court of Appeals has held that while "[a]n
affidavit may be necessary to verify that the agency has nothing
more in its possession than what it has described," the "form of
disclosure is not critical." <u>Fiduccia v. United States Dep't Of
Justice</u>, 185 F.3d 1035, 1043-44 (9th Cir. 1999).  Rather, "what
matters is the substantive adequacy of the disclosures, in whatever
form...[a]ny form - letter, Vaughn index, affidavit, copy of
redacted document - may be adequate or inadequate, depending on the
circumstances." <u>Id.</u> at 1044.

　　　　We therefore find that Plaintiff's contention that the Amended
Index fails as a proper Vaughn index because it is not in affidavit
form, nor was it submitted through sworn testimony by Defendants,
fails.

<u>ii. Exemptions Claimed In Amended Index</u>

　　　　In their original Vaughn index, Defendants did not in every
case explain why an exemption listed with respect to a withheld
document was relevant. (Order (#24).)  As such, the original index,
as a whole, failed to demonstrate a "logical connection between the
information and the claimed exemption . . . ." <u>Salisbury v. United
States</u>, 690 F.2d 966, 970 (D.C. Cir. 1982).

　　　　In its response (#26) to Defendants' Amended Index, Plaintiff
alleges that the Amended Index is deficient in that it fails to
explain (i) as to the deliberative process exemption claims, why

8

release of the documents would adversely impact Defendants' conduct in the future; and (ii) as to the privacy claims, how any particular document could potentially result in harassment, embarrassment or unwarranted public attention to either parolee Garrido or third parties.

We find that Defendants' Amended Index successfully addresses the deliberative process exemption claims pursuant to 5 U.S.C. § 552(b)(5) and the law enforcement exemption claims pursuant to 5 U.S.C. § 552(b)(7), but does not sufficiently segregate unprotected information for which a privacy exemption is claimed under 5 U.S.C. § 552(b)(6).

a. Exemption Pursuant to 5 U.S.C. § 552(b)(5) - The Deliberative Process Privilege

The "deliberative process" exemption under 5 U.S.C. § 552(b)(5) ("Exemption 5") exempts from public disclosure confidential inter-agency memoranda on matters of law or policy. 5 U.S.C. § 552(b)(5); See Nat'l Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114 (9th Cir. 1988). To qualify for Exemption 5 under the "deliberative process" privilege, "a document must be *both* (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" Nat'l Wildlife Fed'n, 861 F.2d at 1117. These requirements recognize that the underlying purpose of the "deliberate process" privilege to "'protect[] the consultative functions of government by maintaining the confidentiality of advisory opinions, recommendations, and deliberations comprising part of a process by which governmental

decisions and policies are formulated.'" Id. at 1118 (quoting Jordan v. United States Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1974). This protection encourages the frank and open discussion of ideas and therefore improves the inter- and intra-agency decision-making process.

   Plaintiff contends that Defendants have not alleged any facts to show that the deliberative process would be compromised by showing what facts Defendants relied upon in deciding that Garrido was a suitable candidate for parole. (P.'s Resp. at 12 (#26).) We disagree. Where Defendants have claimed exemption under 5 U.S.C. § 552(b)(5) for a particular document, they have identified such document as both predecisional and deliberative. For example, with respect to item 23 on the Amended Index, Defendants claim Exemption 5 protection on the basis that the document "includes the USPC's analysis of the case and tentative recommendation by the hearing examiner for the parole decision." (Am. Index at 17 (#25).) That the recommendation was tentative indicates that the document was predecisional, and that it includes an analysis and recommendation indicates that the document was deliberative.

   Plaintiff emphasizes the lapse in time between the creation of the requested documents and Plaintiff's FOIA request for such documents as if this lapse is material to Defendant's privacy interest in the information contained therein. (P.'s Resp. at 11 (#26).) FOIA protection, however, does not come with an expiration date. To impose a time limit on the protection for communications involving an agency's deliberative process would effectively

10

1  eliminate the incentive for the frank and open discussion of ideas

2  that Exemption 5 is intended to engender.

3                b. Exemption Pursuant to 5 U.S.C. § 552(b)(6) -

4  Clearly Unwarranted Invasion of Personal Privacy and Defendants'

5  Duty to Segregate Unprotected Information.

6       5 U.S.C. § 552(b)(6) exempts from disclosure under FOIA

7  "personnel and medical files and similar files, the disclosure of

8  which would constitute a clearly unwarranted invasion of personal

9  privacy" ("Exemption 6").  The threshold question here is whether

10 the requested documents constitute "personnel and medical and

11 similar files."  The Ninth Circuit Court of Appeals has held that

12 personnel files "ordinarily contain information such as 'where [an

13 individual] was born, the names of his parents, where he has lived

14 from time to time, his high school or other school records, results

15 of examinations, [and] evaluations of his work performance."

16 Dobronski v. F.C.C., 17 F.3d 275, 277 (9th Cir. 1994), quoting Dep't

17 of the Air Force v. Rose, 425 U.S. 352, 377 (1976).  The Ninth

18 Circuit Court of Appeals has held, for example, that there is no

19 blanket exemption for presentence investigation reports under FOIA.

20 Julian v. United States Dep't of Justice, 806 F.2d 1411 (9th Cir.

21 1986).  However, the Ninth Circuit has noted in dicta that Exemption

22 6 may be triggered when a request for a presentence report is made

23 by a third party, as opposed to by the subject of the report. Id. at

24 1417, n. 4.

25      We have previously ruled that the language of Exemption 6

26 expresses "a carefully considered congressional policy favoring

27 disclosure which instructs the court to tilt the balance in favor of

28                                    11

1  disclosure." <u>Associated Gen. Contractors, Etc. v. United States,</u>
2  <u>Etc.</u>, 488 F. Supp. 861 (D. Nev. 1980).
3       The Ninth Circuit Court of Appeals has held that courts should
4  consider the following four factors in determining whether an
5  invasion of privacy is "clearly unwarranted" for purposes of 5
6  U.S.C. § 552(b)(6):
7       "(i) the plaintiff's interest in disclosure; (ii) the public
8  interest in the disclosure; (iii) the degree of the invasion of
9  personal privacy; and (iv) the availability of any alternate means
10 of obtaining the requested information." <u>Dobronski v. F.C.C.</u>, 17
11 F.3d 275 (9th Cir. 1994). <u>See also</u> <u>Church of Scientology of</u>
12 <u>California v. United States Dep't of Army</u>, 611 F.2d 738 (9th Cir.
13 1979).
14      In their Amended Index, Defendants describe as personnel,
15 medical or similar files withheld in full pursuant to Exemption 6
16 documents such as Garrido's parole application, a USPC assessment
17 prepared before a parole hearing, the USPC's initial parole hearing
18 summary, bank statements, and monthly parole supervision reports
19 submitted by Garrido to the USPO Probation Officer.
20      In its response (#26) to the Amended Index, Plaintiff contends
21 that "it defies credulity to believe" that there is no information
22 contained in the documents withheld by Defendants that would not
23 violate a privacy interest of Garrido or a third party. (P's Resp.
24 at 10 (#26).) 5 U.S.C. § 552(b) directs that "[a]ny reasonably
25 segregable portion of a record shall be provided to any person
26 requesting such record after deletion of the portions which are
27 exempt. . . ." A district court may not "simply approve the
28
                                    12

1 withholding of an entire document without entering a finding on

2 segregability." Weiner, 943 F.2d at 988.

3      In evaluating the merits of applying Exemption 6 to the

4 documents withheld in whole by Defendants, we have considered the

5 four factors set forth by the Ninth Circuit Court of Appeals in

6 Dobronski.  Both Plaintiff and the public have strong interest in

7 the disclosure of information regarding Defendants' decision that

8 Garrido was a suitable candidate for parole, as the motivating

9 factors behind this decision could indicate a deficiency in our

10 nation's parole system.  Garrido's privacy interest in the withheld

11 documents appears to range from a clear privacy interest in medical

12 (Am. Index ¶ 61 (#26)) and bank records (Id. ¶ 58) to a more

13 nebulous one in documents such as a USPO Probation Officer's

14 chronological reports (Id. ¶ 54).  With respect to the fourth prong

15 of the Dobronski test, there does not appear to be an alternate

16 source of information for Defendants' reasoning in determining that

17 Garrido was eligible for parole.

18      Given Plaintiff's and the public's strong interest in the

19 Defendants' determination that Garrido was eligible for parole and

20 the congressional policy in favor of disclosure, we are inclined to

21 agree with Plaintiffs that the Amended Index (#25) fails to

22 adequately justify Defendants' failure to disclosure any "reasonably

23 segregable portion" of the following documents withheld in full on

24 the basis of Exemption 6, listed by paragraph number as they appear

25 on the Amended Index (#25): ¶ 22-¶ 32, ¶ 54-¶ 56, ¶ 59, ¶ 62, ¶ 65,

26 ¶ 66. 5 U.S.C. § 552(b).  We therefore order Defendants to release

27

28                                   13

to Plaintiff all segregable information contained in the foregoing documents.

### iii. Clarifying Whether Defendants had Law Enforcement or Administrative Functions with respect to any Exemptions Claimed Under 5 U.S.C. § 552(b)(7).

5 U.S.C. § 552(b)(7) encompasses six different exemptions that shield from public disclosure information about individuals where the "information [was] compiled for law enforcement purposes" (collectively, "Exemption 7").  The threshold issue in any Exemption 7 claim is "whether the agency involved may properly be classified as a 'law enforcement' agency." Church of Scientology of California v. United States Dep't of Army, 611 F.2d 738, 748 (9th Cir. 1979). "The term 'law enforcement purpose' has been construed to require an examination of the agency itself to determine whether the agency may exercise a law enforcement function." Id. An agency with "a clear law enforcement mandate, such as the FBI, need only establish a 'rational nexus' between enforcement of a federal law and the document for which an exemption is claimed." Id.; see also Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 808 (9th Cir. 1995).  However, "an agency which has a 'mixed' function, encompassing both administrative and law enforcement functions, must demonstrate that it had a purpose falling within its sphere of enforcement authority in compiling the particular document." Id.

In their Amended Index, Defendants allege that each of the USPC and USPO has a singular law enforcement purpose rather than a mixed law enforcement and administrative function. (Am. Index at 1 (#25).) Defendants ground this allegation in a reading of the Parole

14

1  Commission and Reorganization Act ("PCRA"), Pub. L. 94-233, 90 Stat.
2  219-231, codified at 18 U.S.C. § 4201 (1976), that establishes a
3  statutory law enforcement function for the USPC and USPO.  Absent
4  compelling evidence presented by Plaintiff to the contrary, we are
5  persuaded that Defendants are agencies with law enforcement mandates
6  for purposes of Exemption 7.

7        In its response (#26), Plaintiff alleges that Defendants'
8  declarations of their law enforcement purposes are insufficient to
9  address the threshold of Exemption 7.  According to Plaintiff,
10  Defendants rely solely on their status as law enforcement agencies
11  as the premise from which we should conclude that any record
12  maintained by Defendants was compiled for law enforcement purposes.
13  We disagree.  As to each entry in the Amended Index for which
14  Defendants assert Exemption 7, Defendants provide a description of
15  how the particular document has a rational nexus to Defendants' law
16  enforcement activities.

17        We therefore find that Defendants have properly asserted
18  Exemption 7 on the Amended Index.

19            C. Admissibility of Special Report

20            Attached to Plaintiff's motion (#13) for summary judgment
21  is a Special Report by the Office of the Inspector General of the
22  State of California (#13-2) (the "Special Report") concerning the
23  California Department of Corrections and Rehabilitation's
24  supervision of parolee Garrido.  In their opposition to Plaintiff's
25  motion for summary judgment and cross-motion for summary judgment
26  (#16), Defendants challenge the admissibility of the Special Report
27  on various evidentiary grounds: (i) that the Special Report is

28                          15

hearsay; (ii) that no foundation has been laid to establish that the California Inspector General is familiar with the federal parole system or with Garrido's case in particular; (iii) that the California Inspector General's statements in the Special Report are not subscribed as true under penalty of perjury; (iv) that the Special Report is not relevant to the issues raised in this FOIA action; and (v) that the Special Report has not been properly authenticated. (Ds.' Resp. at 8-9 (#16).)

We find that Defendants' first and third challenges to the Special Report fail because the Special Report was submitted not "to prove the truth of the matter asserted," but to demonstrate the public's perception and legitimate concern as to Garrido's parole and supervision. See, e.g., Dep't of the Air Force v. Rose, 425 U.S. 352, 360 (1976)(newspaper excerpts and press releases allowed to illustrate the extent of public concern). Defendants' second challenge to the Special Report is likewise not well taken. The Special Report indicates that the California Inspector General reviewed Garrido's federal parole files and based his comments on Defendants' performance on such review. Defendants' fourth challenge to the Special Report, alleging that it is not relevant to the issue at hand, also fails. The State of California's investigation into Garrido's parole and supervision indicates that there may be a public interest in a similar investigation at the federal level as well. Finally, Defendants argue that the Special Report has not been properly authenticated. Plaintiff correctly notes that Federal Rule of Evidence 901 requires only evidence "sufficient to support a finding that the matter in question is what

its proponent claims." (P's Reply at 7 (#20).)  The Special Report
bears the signature of the California Inspector General, which
renders the document self-authenticating pursuant to Federal Rule of
Evidence 902(2).

Defendants' objections to the admission of the Special Report
are therefore not well taken.  We find that the Special Report is
admissible for the purpose of demonstrating the public's perception
and legitimate concern as to Garrido's parole and supervision.

## IV. Conclusion

In FOIA cases, the burden is on the government to show (i) that
withheld documents and redacted portions of documents are exempt
from disclosure; and (ii) that portions of withheld documents that
are not FOIA-exempt are not segregable from the remainder of the
document.  These showings are made by the production of a Vaughn
index, which must (i) detail each withheld document and each
deletion from a released document; (ii) state the exemption claimed
for each deletion or withheld document; (iii) explain why such
exemption is relevant; and (iv) state why a document held in full
was not segregable.

We have found that the Amended Index properly asserts the
deliberative process exemption claims pursuant to 5 U.S.C. §
552(b)(5) and the law enforcement exemption claims pursuant to 5
U.S.C. § 552(b)(7), but does not sufficiently segregate unprotected
information for which a privacy exemption is claimed under 5 U.S.C.
§ 552(b)(6).  As such, Defendants will be required to release to
Plaintiff all segregable information contained in the following

17

documents as listed on the Amended Index (#25): ¶ 23, ¶ 24, ¶ 26, ¶ 27, ¶ 28, ¶ 29, ¶ 30, ¶ 32, ¶ 54, ¶ 55, ¶ 59, ¶ 62, ¶ 65. 5 U.S.C. § 552(b).

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#13) for summary judgment is **GRANTED** in part and **DENIED** in part: **GRANTED** as to Defendants' claims of exemption under 5 U.S.C. § 552(b)(6) with respect to the segregable information contained in the following documents as listed on the Amended Index (#25): ¶ 22-¶ 32, ¶ 54-¶ 56, ¶ 59, ¶ 62, ¶ 65, ¶ 66; and **DENIED** as to Defendants' claims of exemption under 5 U.S.C. § 552(b)(5), 5 U.S.C. § 552(b)(7) and 5 U.S.C. § 552(b)(6) with respect to the following documents as listed on the Amended Index (#25): ¶ 33, ¶ 34, ¶ 57, ¶ 58, ¶ 60, ¶ 61, ¶ 63, ¶ 64, ¶ 67-¶ 70.

**IT IS HEREBY FURTHER ORDERED** that Defendants' cross-motion (#17) for summary judgment is **GRANTED** in part and **DENIED** in part: **GRANTED** as to Defendants' claims of exemption under 5 U.S.C. § 552(b)(5), 5 U.S.C. § 552(b)(7) and 5 U.S.C. § 552(b)(6) with respect to the following documents as listed on the Amended Index (#25): ¶ 33, ¶ 34, ¶ 57, ¶ 58, ¶ 60, ¶ 61, ¶ 63, ¶ 64, ¶ 67-¶ 70; and **DENIED** as to Defendants' claims of exemption under 5 U.S.C. § 552(b)(6) with respect to the following documents as listed on the Amended Index (#25): ¶ 22-¶ 32, ¶ 54-¶ 56, ¶ 59, ¶ 62, ¶ 65, ¶ 66.

**IT IS HEREBY FURTHER ORDERED** that Defendants shall, within twenty-one (21) days, provide Plaintiff with all segregable information for which Defendants made a claim of exemption pursuant to 5 U.S.C. § 552(b)(6) with respect to the segregable information

18

contained in the following documents as listed on the Amended Index
(#25): ¶ 22-¶ 32, ¶ 54-¶ 56, ¶ 59, ¶ 62, ¶ 65, ¶ 66.

     DATED: March 28, 2011.

                                       _____

                                      UNITED STATES DISTRICT JUDGE

19